PROB 12
REVISED (05/90)

# UNITED STATES DISTRICT COURT

### for

FILED BY _____ D.C.

05 JUN -8  AM II: 57

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

ROBERT R. Di TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

U.S.A. vs. _____ **Larry Joe Truelove** _____          Docket No. __01-20085-04__

### Petition on Probation and Supervised Release

**COMES NOW** ___ Gerald Hunt ___ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of __Larry Joe Truelove__ who was placed on supervision by the Honorable Julia Smith Gibbons sitting in the court at _Memphis, TN_ on the 3rd day of January , 2002 who fixed the period of supervision at three (3) years* , and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.   The defendant shall participate in a drug treatment/testing program as directed by the Probation Office.

*Supervised Release began on March 28, 2003.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a Warrant be issued for Larry Joe Truelove to appear before the United States District Court to answer charges of violation of Supervised Release.

**BOND:** _____

**ORDER OF COURT**

Considered and ordered this _14th_ day of _June_ , 200_5_ and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 2, 2005_

_____
U. S. Probation Officer

Place _Memphis, TN_

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _6-8-05_

385

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The defendant has violated the following conditions of his Supervised Release:

**The defendant shall not commit another federal, state, or local crime.**

On May 19, 2005, Mississippi Bureau of Narcotics SCA Gary Bryd received a phone call from Marshall County Police Dispatch. The dispatcher notified Byrd that they had received a call stating that a suspicious vehicle and several subjects were present across from 843 Lee Creek Road where a Meth lab had previously been discovered. Upon arrival, law enforcement officers made contact with two subjects identified as Larry Truelove and Eric Dormayer. Agent Byrd spoke with Truelove and obtained consent to search his vehicle a 1999 Buick Regency. After consent was obtained, Truelove stated that he had a tank of Anhydrous Ammonia in the trunk. Investigation led to the discovery of various items used to manufacture methamphetamine. Mr. Truelove and Mr. Dormayer was then transported to the Marshall County Sheriff's Department and charged with Possession of Controlled Substance, To -wit: Methamphetamine, Possession of Anhydrous Ammonia, Possession of Precursors, and Manufacture of Controlled Substance, To - wit: Methamphetamine. Mr. Truelove's next court appearance has been scheduled for June 13, 2005, Justice Court, Marshall County, Mississippi.

**The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

On May 19, 2005, Mr. Truelove was arrested for Possession of Methamphetamine with Intent to Resale.  The defendant failed to notify the U. S. Probation Officer within 72 hours of being arrested on the above mentioned charge.

**The defendant shall not leave the judicial district without the permission of the court or probation officer.**

On May 19, 2005, Mr. Truelove was arrested for Possession of Methamphetamine with Intent to Resale in Marshall County, Mississippi. Mr. Truelove failed to request permission from the court or probation officer to travel outside the Western District of Tennessee.

**The defendant shall not illegally possess a controlled substance .**

On May 18, 2005, Mr. Truelove submitted a urine screen which tested positive for methamphetamine.

**The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer**

When Mr. Truelove was arrested on May 19, 2005, he was in the company of Eric Dormayer, a convicted felon. Mr. Truelove has never been given permission to associate with Eric Dormayer.

# VIOLATION WORKSHEET

Case 2:01-cr-20085-BBD   Document 385   Filed 06/08/05   Page 3 of 6   PageID 433

1. **Defendant**     Larry Truelove, 1385 Quail Brook #1, Memphis, TN 38134

2. **Docket Number (Year-Sequence-Defendant No.)**     01-CR20085-04

3. **District/Office**     Western District of Tennessee (Memphis)

4. **Original Sentence Date**     01 / 3 / 2002
   (If different than above):        month   day   year

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| • New Arrest: Manufacturing Methamphetamine | A |
| • Possession of a controlled substance | B |
| • Traveling outside district without permission | C |
| • Failure to report arrest within 72 hours | C |
| • Association with a convicted felon engaged in criminal activity | C |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))     A

9. Criminal History Category (see §7B1.4(a))74     II

10. Range of imprisonment (see §7B1.4(a))     15 -21   months
    *Being originally convicted of a Class C Felony, the statutory maximum term of imprisonment is two (2) years; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   { } (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { X } (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W Suite   1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

12.    Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____     Community Confinement _____N/A_____

Fine ($) _____N/A_____     Home Detention _____N/A_____

Other _____N/A_____     Intermittent Confinement ___N/A_____

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**

Mr. Truelove has a history of substance abuse as reported in his presentence investigation. The underlying charge is a drug offense and he was recently arrested on a new drug charge. It is recommended Mr. Truelove be held without bond pending disposition of the revocation matter, as it appears that no conditions or combination of conditions will insure his compliance with bail/supervision requirements, specifically to refrain from drug usage and criminal activity.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 385 in
 case 2:01-CR-20085 was distributed by fax, mail, or direct printing on
June 8, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT